IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. CR-04-229-S-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION** |
| v. ) | **AND ORDER** |
| ) | |
| CHRISTOPHER DALE BRIGGS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## INTRODUCTION

Defendant Christopher Dale Briggs (Briggs) has filed a Motion to Dismiss the Superseding Indictment in the above referenced action alleging violations of the Speedy Trial Act (STA), 18 U.S.C. § 3161 *et seq.* The Government has filed a Response, and Defendant has filed a Reply. Having fully reviewed the record, the Court finds that the decisional process would not be significantly aided by oral argument. For the reasons set forth below, the Court will deny the Motion.

## PROCEDURAL HISTORY

**Order -- Page 1**

On November 10, 2004, Briggs was charged in a three count Indictment. These charges included: Count One – Unlawful Possion of a Firearm by an Unlawful User of Controlled Substance, 18 U.S.C. § 922(g)(3); Count Two - Unlawful Possession of a Firearm by a Person Subject to a Court Restraining Order, 18 U.S.C. § 922(g)(8); and Count Three – Forfeiture, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

Briggs was arraigned on December 2, 2004, and Thomas Monaghan (Monaghan) of the Federal Defenders of Eastern Washington and Idaho was appointed to represent him.  The United States Magistrate Judge ordered Briggs detained, and trial was set for February 7, 2005.

On December 14, 2004, Monaghan filed a Motion to Withdraw because the Federal Defenders Office had a conflict of interest preventing him from providing Briggs with effective representation.  The Motion was supported by an ex parte sealed Affidavit. On December 21, 2004, the Court entered an Order relieving the Federal Defenders from further representing Briggs and directing the Clerk of the Court to appoint new counsel from the CJA panel.

On December 23, 2004, Monaghan filed a handwritten pleading entitled "Objection to Motion to Withdraw as Counsel of Record." Monaghan explained that Briggs had faxed the document to the Federal Public Defender's Office the

previous day. Because the document was styled as a pleading, Monaghan forwarded it to the Court. In his Objection, Briggs argued that the Court should require Monaghan to disclose to Briggs his reasons for withdrawal. Briggs also requested the Court appoint specific counsel from the CJA panel – namely Tyler Smith or Dennis Benjamin – to represent him. The Court did not rule on Briggs' objection to Monaghan's Motion to Withdraw, nor did it rule directly on Briggs' request that specific attorneys be appointed to represent him.[1] Briggs clearly wanted to be represented by counsel; however, the appointment of CJA counsel is made on a random basis and a defendant is not entitled to appointment of any particular panel attorney.

The Clerk of the Court advised CJA panel attorney C. Tom Arkoosh that he would be appointed to represent Briggs and, on December 29, 2004, Arkoosh interviewed Briggs for the first time. *See* Arkoosh Aff., Docket No. 14. On December 30, 2004, Arkoosh filed a Motion to Continue Trial. The Motion also requested an extension of time in which to file pre-trial motions. In the Motion, Arkoosh stated that he had been informed that he would be appointed counsel to

---

[1] By appointing another CJA panel attorney to represent Briggs, the Court provided appropriate representation to Briggs and rendered his request for appointment of certain counsel moot.

**Order -- Page 3**

Briggs, but that no order of appointment had been formally entered.[2]  Although his moving papers did not specify the length of the continuance requested, Arkoosh orally advised Court staff that he would need a continuance of no less than 60 days beyond the initial trial setting in order to effectively prepare Briggs' defense.  *See* Order Granting Motion to Continue Trial, Docket No. 15.

The Court found that the ends of justice would be best served by granting the Motion for Continuance and outweighed the interests of the public and defendant in having the matter brought to trial sooner.  The Court further found that failure to grant the requested continuance would deny Briggs' counsel the time needed to effectively prepare for trial. The Court granted a continuance until April 4, 2005, and found that the delay caused by the continuance was excludable time. *Id*.

On January 1, 2005, the Government filed a five count Superseding Indictment against Briggs.  The charges included: Counts One and Two, both charging Briggs with violations of 18 U.S.C. § 922(g)(1) - Unlawful Possession of a Firearm by a Person Convicted of a Felony; Count Three - Unlawful Possession of a Firearm by a Person Subject to a Court Restraining Order, 18 U.S.C. §

---

[2] The written order appointing Arkoosh counsel to Briggs was filed January 7, 2005.  *See* Docket No. 16.

**Order -- Page 4**

922(g)(8); Count Four - Unlawful Possession of a Firearm by a Person Subject to a Court Restraining Order, 18 U.S.C. § 922(g)(8); and Count Five - Forfeiture.

On January 13, 2005, the Government moved to Dismiss the Initial Indictment. The Government asserted that, after Briggs was indicted on the initial indictment, he was accidentally taken into federal custody, even though there were charges pending against him by the City of Boise. Briggs was scheduled to appear for a jury trial on the City of Boise charges on January 14, 2005. The Government asked the Court to dismiss the initial indictment so that the United States Marshall could release him to the custody of the City for its trial, and file a detainer on the Superseding Indictment. *See* Docket No. 21. The Court granted the Government's Motion.

On February 24, 2005, Briggs filed a Motion to Suppress (Docket No. 23). That same day, Briggs also filed a Motion to Dismiss Counts One and Two (Docket No. 24), and a separate Motion to Dismiss Count Four (Docket No. 25) of the Superseding Indictment.[3] On March 3, 2005, the Government filed an unopposed Motion for Extension of Time in which to file its Responses to Briggs' Motions. The Court granted the Government's request for an extension of time in

---

[3] As noted, *infra*, Briggs was not arraigned on the Superseding Indictment until May 6, 2005.

**Order -- Page 5**

which to respond.

The Government filed its Responses within the time allowed, opposing Briggs' Motions to Suppress and to Dismiss Count Four, but joining in Briggs' Motion to Dismiss Counts One and Two of the Superseding Indictment.  With regard to Counts One and Two, Briggs had argued that, because his civil rights had been restored pursuant to Idaho Code § 18-310(2), the Government could not indict him on violations of 18 U.S.C. § 922(g)(1).  In its Response, the Government acknowledged that Briggs' civil rights had been restored and conceded that neither of the two felonies for which Briggs was previously convicted would fall within the exception set forth in Idaho Code § 18-310(2) that would continue to prohibit him from possessing a firearm.  Therefore, the Government joined Briggs' Motion to Dismiss Counts One and Two.  On April 5, 2005, the Court granted Briggs' Motion to Dismiss these counts.  Briggs' Motion to Suppress and Motion to Dismiss Count Four are pending.

On May 6, 2005, Briggs was arraigned on the Superseding Indictment and was again ordered detained.   Trial was set for June 29, 2005.

Briggs filed the present Motion to Dismiss on Speedy Trial grounds on May 13, 2005.  On May 27, 2005, Briggs filed a Notice stating that he would call up his Motion to Suppress, Motion to Dismiss Count Four of the Superseding Indictment

**Order -- Page 6**

and the present Motion on June 14, 2005.

## LEGAL STANDARD

Congress passed the STA "to faciliate the disposition of criminal proceedings and to minimize delays between arrest and trial." *United States v. Antonio*, 705 F.2d 1483, 1484 (9th Cir.1983). Under the STA, a defendant must be brought to trial "within seventy days from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c).

A Superseding Indictment retains the original Speedy Trial Act clock. *See United States v. Rojas-Contreras*, 474 U.S. 231, 234-36 (1985) (superseding indictment does not provide new period for trial preparation). "The Act recognizes, however, that legitimate needs of the government and of a criminal defendant may cause permissible delays." *United States v. Daychild,* 357 F.3d 1082, 1090 (9th Cir.2004). "Numerous statutory exclusions, reflecting the need for orderly and fair procedures, call for time to be excluded from the calculation of the seventy-day limit." *Id.* After setting aside excluded time, trial must commence within the seventy-day limit. If it does not commence within that time-frame, the court must dismiss the indictment upon defendant's motion filed before trial. 18

U.S.C. § 3162(a).

## DISCUSSION

The Defendant contends that the Government has impermissibly considered the filing of the Superseding Indicment as an event that tolled the Speedy Trial Clock.  However, the Government does not take that view.  To the contrary, the Government specifically asserts that "[t]he Superseding Indictment has not been considered an event that would constitute excludable time pursuant to the Government's calculation of the Speedy Trial Act time that has elapsed in this case."  Response, p. 4, ¶12.   Rather, the Government asserts that the following provisions for excludable delay are relevant to the pending Motion: (1) any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," 18 U.S.C. § 3161(h)(1)(F)[4]; (2) "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a

---

[4] The day a party files a motion is excludable for speedy trial purposes.  *United States v. Daychild*, 357 at 1093.

**Order -- Page 8**

speedy trial," 18 U.S.C. § 3161(h)(8)(A); and (3)  any "delay resulting from any proceeding." 18 U.S.C. § 3161(h)(1)(A).

The STA began to run on the date that Briggs was arraigned on the original Indictment – December 2, 2004.   On December 14, 2004, Monaghan filed his Motion to Withdraw.  The filing of that Motion tolled the Speedy Trial clock.  Thus, as of December 14, 2005, only eleven days of non-excludable time had elapsed.

On December 21, 2004, the Court ruled on the Motion to Continue and ordered that new counsel from the CJA panel be appointed to represent Briggs. The time between the Court's ruling on Monaghan's Motion to Withdraw and the appointment of new counsel on January 6, 2005, also constitutes excludable time.  Further, it should be noted that Briggs also filed *pro se* pleadings on December 23, 2004, and December 29, 2004, in which he clearly expressed his desire to be represented by counsel.  These pleadings also would trigger excludable time; however, because they fall within the period of time already excluded, they need not be separately addressed.

On December 30, 2004, newly appointed counsel C. Thomas Arkoosh filed a Motion to Continue.  The filing of this Motion continued the tolling of the Speedy Trial Clock.  On January 6, 2005, the Court found that the ends of justice were best

served by continuing the trial, U.S.C. § 3161(h)(8)(A), and that the continuance was required in order to give Briggs's counsel the reasonable time necessary for effective trial presentation, U.S.C. § 3161(h)(8)(B)(iv).  Thus, the Court granted the Motion, continued the trial until April 4, 2005, and found that the time between the prior trial date of February 7, and April 4, 2005, was excludable time.

      The Government argues that the entire time between Briggs' filing of the Motion to Continue on December 30, 2004 and the new trial date, April 4, 2005 is excludable time.  The Government contends that, "[b]ecause the basis for the December 30th defense motion to continue was that the defense required all of the time between the filing of the motion and April 4, 2005, to effectively prepare for trial, it is disingenuous for the defense to argue that the time period between January 6, when the Court rule on its motion, and February 7, the original trial date should be considered excludable."  Response Mem., p. 3, ¶6.  The Court agrees with the Government's view that the time between the filing of the Motion to Continue and the time the Court ruled on the Motion – December 30, 2005 to January 6, 2005 –  is excludable pursuant to 18  U.S.C. § 3161(h)(1)(F).  However, the Court does not agree that the time between January 6, 2005, and February 7, 2005 (the original trial date) is excludable.  That time would have elapsed in any event.  It did not constitute *delay resulting from* the Motion for Continuance.

**Order -- Page 10**

Thus, from January 6, 2005, the date the Court ruled on the Motion to Continue, to February 7, 2005, the date of the original trial setting, 31 additional days of non-excludable time elapsed, bringing to 42 the total number of non-excludable days.

Finally, during the period of time encompassed by the continuance, Briggs filed a number of pretrial motions including a Motion to Suppress, which requires an evidentiary hearing.  It was not until May 27, 2005 that Briggs' counsel requested a hearing on that Motion.  Until a hearing is held, the Court is not in a position to dispose of it.  For motions that require hearings, 18 U.S.C. § 3161(h)(1)(F) excludes all time between the filing of the motion and the conclusion of the hearing at which it is addressed.  *Henderson v. United States*, 476 U.S. 321, 326 (1986).  Exclusion of pre-trial motion delay is automatic.  A district court need not make any findings explaining the need for the delay, nor does the delay need to be "reasonably necessary" to be excluded.  *United States v. Sutter*, 340 F.3d 1022, 1027 (9th Cir.2003) quoting *United States v. Aviles-Alvarez*, 868 F.2d 1108, 1112 (9th Cir.1989).  Thus, Briggs' Motion to Suppress further tolled the Speedy Trial Clock.

In light of the foregoing, at a maximum, only 42 days of non-excludable time have transpired.  The Court need not address the parties' arguments regarding any delay attributable to the proceedings on Briggs' local charges.  Any such delay

would be encompassed by the time already deemed excluded.

Accordingly,

IT IS HEREBY ORDERED that the Motion to Dismiss (Docket No. 39) is DENIED.

DATED: **June 6, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**Order -- Page 12**